UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILIANA PEREZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN FAMILY INSURANCE COMPANY, a Wisconsin corporation,<br><br>*Defendant*. | Civil Action No. 1:20-cv-996<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Iliana Perez ("Plaintiff"), individually and on behalf of the other members of the below-defined class ("Class"), brings this class action against American Family Insurance Company ("American Family" or "Defendant"), and in support thereof states the following:

## NATURE OF THE ACTION

1. This is an Illinois class action lawsuit by Illinois resident Iliana Perez, who suffered a total loss on an insured vehicle. Plaintiff was insured under an American Family private passenger auto ("PPA") policy of insurance (the "Policy")[1]. Plaintiff made a covered claim for physical damage. Defendant breached its policy by failing to pay the full sales tax, title transfer fees, and registration fees due under the policy.

2. Plaintiff files this lawsuit on behalf of all persons insured under an American Family insurance policy who suffered a total-loss covered claim and were not paid the full sales tax, title-transfer fees, and registration fees due under their policy.

---

[1] A true and correct copy of Plaintiff's Policy is attached hereto as **Exhibit A**.

3. Defendant issued Plaintiff an insurance policy for PPA insurance including comprehensive and collision coverage.

4. When Plaintiff Perez suffered a total loss of her vehicle, Defendant failed to pay her the full amount to which she was entitled under her automobile insurance policy. This was not an isolated incident. To the contrary, it is a fundamental component of Defendant's business practices.

5. Simply stated, Defendant has systematically underpaid its insureds—including Plaintiff and the other Class members—who have suffered the total loss of their vehicles, by failing to pay the cost of sales tax, title and tag transfer fees, despite being contractually obligated to pay such costs.

6. In the Policy, Defendant's standardized policy language promises, upon the occurrence of a total loss to an insured vehicle, to provide payment of the actual cash value ("ACV") of the insured vehicle to the insured.

7. Defendant's standardized policy language as to coverage for ACV of total loss vehicles is present in every auto policy issued by Defendant in Illinois during the relevant time period.

8. Sales tax, title-transfer fees, and registration fees are a mandatory part of the replacement cost of every PPA vehicle insured by Defendant in Illinois, including for Plaintiff's total-loss vehicle. As more fully discussed below, under Illinois law, sales tax, title and tag transfer fees are mandatory automobile replacement costs which are necessarily part of the amount it would cost to buy a comparable vehicle. As such, the Policy includes sales tax, title-transfer fees, and

registration fees (which are mandatory replacement costs)[2] in the ACV total-loss coverage provided by American Family.

9. Defendant refused or failed to pay Plaintiff and the other Class members the amount necessary to constitute full ACV payment when they suffered total losses of their vehicles, notwithstanding its contractual obligation to pay such costs. Defendant thus breached its contracts with Plaintiff and the other Class members.

10. As a result of Defendant's conduct, Plaintiff and the other Class members were damaged in an amount to be determined at trial.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states, and because (a) the Plaintiff is a member of the Class, which consists of at least 100 members; (b) the amount in controversy exceeds $5,000,000 exclusive of interest and costs; and (c) no relevant exceptions apply to this claim.

12. Venue is proper in this District because a substantial portion of the acts and conduct giving rise to Plaintiff's claim occurred within the District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

13. At all times relevant to this action, Plaintiff Perez is and was a citizen of the State of Illinois, domiciled in Cook County. Plaintiff received and entered into her contract with Defendant in Cook County.

---

[2] The sales tax, title-transfer fees, and registration fees (which are mandatory replacement costs) are also referred to herein as "Full Total Loss Payments" or "FTLP."

3

14. At all times material hereto, Defendant is and was a foreign corporation incorporated in Wisconsin, with its principal place of business at 6000 American Family Parkway, Madison, WI 53783, and authorized to transact insurance in the State of Illinois.

## FACTUAL BACKGROUND

**A.** *The American Family Insurance Policy*

15. Upon information and belief, each Class member was insured under American Family policies that were materially identical to Plaintiff Perez's Policy with respect to the obligation to pay "Actual Cash Value" in the event of a total loss. Upon information and belief, American Family drafts and implements substantively identical private passenger automobile insurance policies for all insureds.

16. Defendant's insurance policy, under the section entitled "PART II – CAR DAMAGE COVERAGE", states that "Collision" and "Comprehensive" coverage means Defendant will pay for any loss, minus any applicable deductible, to "your covered car". *See* Ex. A at 7.

17. The Policy defines "your covered car" or "your insured car" as any vehicle shown in the Declarations. *Id.* at 4.

18. In the same section, under the provision entitled "Limits Of Liability" Defendant states, in relevant part:

> 1. Our limit of liability for loss will not exceed the lesser of:
>    a. the actual cash value of the stolen or damaged covered property; or
>    b. the amount necessary to repair or replace the stolen or damaged covered property.
>
> \* \* \*
>
> B. An adjustment for depreciation and physical condition will be made in determining actual cash value.

*Id.* at 9.

4

19. In other words, the Policy provides for payment, for loss, on an "actual cash value" or "cost to repair" basis.

20. By deeming the vehicle a "total loss," Defendant concludes that it will not repair or replace parts of the vehicle.

21. Therefore, Defendant is electing to pay the claim on an "actual cash value" basis.

22. There is no difference, for purposes of the duty to pay ACV on a first-party total loss claim, between a collision total-loss claim and an "other than collision" total-loss claim.

23. ACV is not specifically defined in the Policy.

24. Clearly, then, the policy language does not further define ACV as including: (1) any provision excluding sales tax or state and local regulatory fees from ACV; (2) any provision deferring payment of the ACV sales tax or state and/or local regulatory fees for any purpose whatsoever; (3) any provision requiring an insured to obtain a replacement vehicle at all in order to receive payment; (4) any provision requiring the insured to first obtain a replacement vehicle as a condition precedent to receiving ACV state and regulatory sales tax and/or fees; or (5) any provision linking the amount of ACV state and regulatory sales tax and/or fees to a particular replacement vehicle and the corresponding state or local regulatory sales tax and/or fees on said replacement vehicle.

25. According to Defendant's policy, insureds are owed the same amount – actual cash value of the insured vehicle – whether or not they replace the vehicle at all. Insureds are owed the same amount – actual cash value – whether or not they paid (or how much they paid) for the total-loss vehicle. Instead, in exchange for the premiums paid by the insureds, Defendant promises to pay a predictable amount – the actual cash value of the insured vehicle, including sales tax and transfer fees – irrespective of payments related to either the total-loss vehicle or the replacement

vehicle (if any). The policy language applies to all covered autos irrespective of ownership interests — whether owned, financed or leased, insured autos are considered "owned" for purposes of the policy. There are no differences in coverage, premiums, or policy language between leased, owned, and/or financed vehicles.

**B.**     *Sales Tax and Regulatory Fees are Mandatory Replacement Costs*

26.     Sales tax, title and tag transfer fees are necessary and mandatory vehicle replacement costs, which are necessarily included in the amount it would cost to buy a comparable vehicle in the State of Illinois.

27.     Sales tax is necessarily included in the amount it would cost to buy a comparable vehicle in the State of Illinois. *See* 35 ILCS 105/3.

28.     Illinois law requires that all vehicles be properly titled in order to be legally driven on Illinois roadways. *See* 625 ILCS 5/3 101. The fee to transfer title to a vehicle is, at minimum, $95.00. *See* 625 ILCS 5/3 821.

29.     Illinois law requires that all vehicles have proper license plates (or tags) in order to be legally driven on Illinois roadways. *See* 625 ILCS 5/3 401, 625 ILCS 5/3 502, 625 ILCS 5/3 801. The fee to transfer license plates or tags is $25.00. *See* 625 ILCS 5/3 821.

30.     By representing that they will pay ACV in the event of a total loss, Defendant, through the Policy, promises to pay the cost of these mandatory vehicle replacement costs as part of its Collision and Comprehensive coverages.

31.     Defendant, however, breached its contracts with Plaintiff and the other Class Members by failing or refusing to include the costs of sales tax and mandatory regulatory fees, including title and tag transfer fees, in making ACV payments to total loss insureds.

32.

C. *American Family Failed to Pay Plaintiff the Actual Cash Value to Which She was Entitled*

33. Plaintiff Perez owned a 2009 Honda Accord., VIN # 1HGCP26779A034969 (the "Insured Vehicle") to which the Policy provided physical damage coverage.

34. On or about December 23, 2018, Plaintiff was involved in an accident while operating the Insured Vehicle. As a result of that accident, Plaintiff filed a property damage claim with Defendant (Claim Number 01001147341).

35. Defendant determined that the Insured Vehicle was a total loss and that the claim was a covered claim.

36. To determine the "actual cash value" of the Insured Vehicle, Defendant relied on third-party vendor, Autosource Market-Driven Valuation. ("Autosource"), which specializes in calculating the cost to buy comparable vehicles with similar conditions and mileage.

37. Autosource determined that the Insured Vehicle had a base vehicle value of $7,967.00. Autosource then made various condition adjustments to the base vehicle value to determine the market driven vehicle value of the Insured Vehicle was $6,958.00, not including any amount for sales tax or mandatory fees. Autosource then subtracted the $500.00 deductible and determined the Net Adjusted Market Value of the Insured Vehicle was $6,458.00. A copy of the Market Valuation Report is attached hereto as **Exhibit B**.

38. American Family then determined that "at the time of loss, the Actual Cash Value (ACV) of [the Insured Vehicle] was $6,958.00", an amount that did not include taxes or title and transfer fees. A copy of Defendant's Total Loss Explanation Letter to Plaintiff is attached as **Exhibit C** hereto.

39. Defendant subtracted Plaintiff's $500.00 deductible from the settlement value to determine the final settlement payment was $6,458.00. *See* **Exhibit C**.

7

40. Defendant paid Plaintiff and the other Class members only the adjusted value of their vehicles minus the deductible and *did not* pay the costs of sales tax, title or tag transfer fees, which is, under applicable law, an inextricable part of a vehicle purchase.

41. Plaintiff was owed the cost of a title transfer fee in the amount of $95.00.

42. Plaintiff was owed the cost of a tag transfer fee in the amount of $25.00.

43. The minimum sales tax in Illinois at the time of Plaintiff's purchase was 6.25%, *see* 35 ILCS 120/2-10. Thus, Plaintiff was also owed sales tax in the minimum amount of $452.27.

44. Defendant's failure to pay sales tax, title-transfer fees, and registration fees at the time of the loss breached the Policy because these fees are mandatory costs necessary for the replacement of the totaled Insured Vehicle.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

46. Plaintiff seeks to represent a class (the "Class") defined as:

All persons: (a) who insured a vehicle for physical damage coverage under an Illinois automobile insurance policy issued by American Family Insurance Company that provided for an Actual Cash Value payment in the event that a vehicle was declared a total loss, (b) who made a claim under the policy for physical damage, (c) whose claim was adjusted as a total loss within the ten-year time period prior to the date on which this lawsuit was filed until the date of any certification order, and (d) who were not paid the full total loss vehicle value, including sales tax and/or mandatory regulatory fees.

47. Excluded from the Class are Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and its immediate family members. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

8

48. This action has been brought and may properly be maintained on behalf of the Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

49. **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are thousands of Class members, the precise number of Class members is unknown to Plaintiff, but may be ascertained from Defendant's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

50. **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual members, including, without limitation:

   a. whether Defendant's contractual agreement to pay Actual Cash Value in the event of total loss obligated it to pay sales tax to Plaintiff and the other Class members;

   b. whether Defendant's contractual agreement to pay Actual Cash Value in the event of a total loss obligated it to pay title and tag transfer fees to Plaintiff and the other Class members;

   c. whether Defendant breached its contracts with Plaintiff and the other Class members; and

   d. the amount and nature of relief to be awarded to Plaintiff and the other Class members.

51. **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members were all similarly affected by Defendant's failure to pay the cost of sales tax and title and tag transfer fees

9

under Illinois insurance policies that provided for an Actual Cash Value payment in the event of total loss. Plaintiff's claims are based upon the same legal theories as those of the other Class members. Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the other Class members.

52. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the other Class members who she seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this one, where insurers breached contracts with insureds by failing to include sales tax, title and tag transfer fees in total loss situations, and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

53. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members as a whole.

54. **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for the Class members to individually seek redress for Defendant's wrongful conduct. Even if the Class members could afford litigation

the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I
## BREACH OF CONTRACT

55. Plaintiff Perez incorporates by reference each allegation set forth in paragraphs 1-54, as if fully set forth herein.

56. Plaintiff brings this claim individually and on behalf of the other Class members.

57. Plaintiff and each of the other Class members were parties to insurance contracts with Defendant, as described herein.

58. Plaintiff and each of the other Class members were insured under a policy issued by Defendant.

59. Plaintiff and each of the other Class members' insurance contracts are governed by Illinois law.

60. Plaintiff and each of the other Class members made claims under their insurance contracts, which Defendant determined to be first-party total losses under the insurance contract, and additionally determined to be covered claims.

61. Pursuant to the above-described contractual provisions, upon the total loss of their insured vehicles, Plaintiff and each of the other Class members were each owed the Actual Cash Value of their vehicles, including the cost of sales tax and mandatory regulatory fees.

62. Defendant failed to pay the requisite costs of sales tax and mandatory regulatory fees to Plaintiff and each of the other Class members on their total loss claims.

11

63. Defendant's failure to pay the requisite costs of sales tax and mandatory regulatory fees constitutes a material breach of its contracts with Plaintiff and each of the other Class members.

64. As a result of these contractual breaches, Plaintiff and each of the other Class members have been damaged, and are entitled to sums representing the benefits owed for sales tax, title and tag transfer fees, as well as costs, pre-judgment and post-judgment interest, injunctive relief, and other relief as appropriate.

## COUNT II
## DECLARATORY RELIEF

65. Plaintiff Perez incorporates by reference each allegation set forth in paragraphs 1-54, as if fully set forth herein.

66. This count seeks declaratory relief pursuant to 28 U.S.C. §§2201-2202.

67. This count is brought by Plaintiff on behalf of Plaintiff and all members of the Class.

68. Plaintiff was a party to a contract, the Insurance Policy, with Defendant as described herein. *See* **Exhibit A**. All Class Members were parties to an Insurance Policy contract with Defendant containing materially identical terms.

69. Plaintiff and class members seek declaratory relief under the Policy (and all materially similar policies issued by American Family to Class Members) that Plaintiff and all Class Members have the right to FTLP under the insurance agreements in question.

70. Plaintiff seeks a declaratory judgment that an insured is unconditionally entitled to sales tax, title transfer fees, and registration fees in a FTLP to pay a vehicle's ACV under the insurance policies that govern Plaintiff's and the Class members' contractual relationships with Defendant.

71. Plaintiff contends Defendant is unconditionally required to pay sales tax, title transfer fees, and registration fees in a FTLP to pay a vehicle's ACV under the insurance policies that govern Plaintiff and the Class members' relationship with Defendant.

72. Defendant disagrees with Plaintiff's interpretation of the Insurance Policy.

73. Because of Defendant's claim to the contrary, Plaintiff is in doubt as to her rights under the Policy.

74. The above allegations present ascertained or ascertainable facts of a present controversy between Plaintiff and Defendant as to unconditional entitlement to sales tax, title transfer fees, and registration fees.

75. The above allegations reflect that Plaintiff has presented a justiciable question as to the existence of her right to the sales tax, title transfer fees, and registration fees.

76. All antagonistic and adverse interests, namely Plaintiff and Defendant and the Class when certified, are before this Court by the filing of this count.

77. Pursuant to 28 U.S.C. § 2201, Plaintiff and the Class are entitled to a declaration of its right to the sales tax, title transfer fees, and registration fees to resolve its doubt about its rights under the Insurance Policy considering the Defendant's position otherwise.

78. Upon the Court granting Plaintiff the declaratory relief requested herein, Plaintiff will seek supplemental relief pursuant to 28 U.S.C. § 2202 in the form of an order directing that the sales tax, title transfer fees, and registration fees be paid to Plaintiff and the Class, an award of attorney's fees incurred in establishing coverage under the Insurance Policy, and prejudgment interest and post-judgment interest, as the sales tax, title transfer fees, and registration fees represents liquidated amounts.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Iliana Perez, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

a. Entering an order certifying the proposed Class, as requested herein, designating Plaintiff as the Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Class;

b. Awarding compensatory damages, and all other available damages, for Plaintiff and the other Class members against Defendant, as well as pre- and post- judgment interests on any amounts awarded;

c. Declaratory relief to be entered for Plaintiff and the Class that its interpretation of the Insurance Policy is correct, thereby requiring Defendant to unconditionally pay sales tax, title transfer fees, and registration fees;

d. Enjoining Defendant from continuing the illegal practices alleged herein, and for other injunctive relief as is proven appropriate in this matter;

e. Awarding attorney's fees, expenses, and costs of suit as appropriate pursuant to applicable law;

f. Ordering such other and further forms of relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated: February 11, 2020	Respectfully submitted,

*/s/ Gary M. Klinger, Esq.*
Gary M. Klinger (IL Bar No. 6303726)
KOZONIS & KLINGER, LTD.
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60630
Phone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com

Scott Edelsberg*
**EDELSBERG LAW, PA**
20900 NE 30th Ave, Suite 417
Aventura, Florida 33180
Telephone: 305-975-3320
scott@edelsberglaw.com

Andrew J. Shamis*
**SHAMIS & GENTILE, P.A.**
14 NE First Avenue, Suite 1205
Miami, Florida 33132
Telephone: 305-479-2299

Rachel Dapeer*
**DAPEER LAW, P.A.**
300 S. Biscayne Blvd, #2704
Miami, FL 33131
Telephone: 305-610-5223
rachel@dapeer.com

*Counsel for Plaintiff
and the Proposed Class*

* Applications for admission *pro hac vice* to be filed