IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ILIANA PEREZ, individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICAN FAMILY INSURANCE COMPANY, a Wisconsin corporation,<br><br>       Defendant. | Case No. 1:20-cv-00996<br><br>Honorable Charles R. Norgle<br><br>Magistrate Maria Valdez |

**<u>MEMORANDUM IN SUPPORT OF AMERICAN FAMILY'S MOTION TO DISMISS CLASS ACTION COMPLAINT</u>**

      Following the total loss of Plaintiff Iliana Perez's ("Plaintiff" or "Perez") vehicle, Defendant American Family Insurance Company ("American Family") paid Plaintiff for the loss of her vehicle according to the terms of her insurance policy (the "Policy"). Now Plaintiff claims that American Family breached its Policy because it failed to pay the sales tax (the "Sales Tax") and the title transfer and tag transfer fees (the "Fees") for a *replacement* vehicle as part of the *damaged* vehicle's actual cash value (the "ACV")—even though Plaintiff does not allege that she purchased or leased a replacement vehicle.

      Plaintiff's claim fails on its face. The Sales Tax and Fees are associated with replacement costs—i.e., the purchase or lease of a *new* vehicle—but the plain language of the Policy pays the ACV of the *damaged* vehicle. And Illinois law does not require payment of the Sales Tax and Fees absent the purchase or lease of a replacement vehicle within the statutory time period. Moreover, even if Plaintiff had a viable claim (she does not), the appropriate remedy for an alleged underpayment of an insurance claim is a breach of contract action for damages—not

injunctive relief. For these reasons, American Family respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Class Action Complaint (Dkt. 1) in its entirety.

## BACKGROUND AND INTRODUCTION[1]

American Family is an insurance company, providing—among other products—private passenger automobile policies to its customers, which include comprehensive and collision coverage for the ACV of vehicles that are determined to be "total loss vehicles" after an accident. (Dkt. 1 at 1-2, ¶¶ 1, 6.)

On or about December 23, 2018, Plaintiff was involved in an accident while driving her 2009 Honda Accord, VIN #1HGCP26779A034969 (the "Vehicle"). (*Id.* at 7, ¶¶ 33-34.) Plaintiff's Vehicle was insured through American Family. (*Id.* at 1-2, ¶¶ 1, 3.) After the accident, Plaintiff filed a claim for property damage with American Family, Claim No. 01001147341. (*Id.* at 7, ¶ 34.) American Family determined that Plaintiff's Vehicle was a total loss, and—after a third-party vendor calculated that the base value for her Vehicle was $7,967.00, but that the market driven value was $6,958.00—American Family paid Plaintiff the market driven value minus her deductible for a total payment of $6,458.00. (*Id.* at 7, ¶¶ 35-37.) Plaintiff does not dispute the underlying value of the Vehicle. (*See generally id.*)

On February 11, 2020, Plaintiff filed a Class Action Complaint (the "Complaint") against American Family on behalf of herself and all others similarly situated, alleging that American Family breached her Policy by failing to pay Sales Tax and Fees. (*See generally id.*) For that breach, she seeks compensatory damages, declaratory and injunctive relief, pre- and post-judgment interest, costs, litigation expenses and attorneys' fees. (*Id.* at 14.)

---

[1] American Family does not concede that the facts as alleged in Plaintiff's Class Action Complaint are accurate, but will treat them as such (as it is required to do) for purposes of this Motion only. American Family does not, however, accept Plaintiff's incorrect allegations regarding unambiguous contract terms.

**ARGUMENT**

I. **Legal Standard**

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To have facial plausibility, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). "[I]t is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief … by providing allegations that 'raise a right to relief above the speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. 555).

"When reviewing a motion to dismiss for failure to state a claim, a district court can consider documents attached to the motion if they are referred to in the complaint and central to the plaintiff's claim." *Sigler v. GEICO Cas. Co.*, No. 1:18-cv-01446-MMM-JEH, 2019 WL 2130137, at *2 (C.D. Ill. May 15, 2019) (citing *McCready v. eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)). If there is a conflict between the complaint and an exhibit, "the exhibit typically controls." *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). "A court is not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document." *Id.*

II. **The Court should dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim upon which the Court can grant relief.**

To establish a breach of contract, a "plaintiff must prove (1) a valid and enforceable contract exists, (2) [s]he substantially performed, (3) the defendant committed a breach, and (4)

3

resulting damages." *Rocha v. FedEx Corp.*, 2020 IL App (1st) 190041, ¶ 95, --- N.E.3d ---- (citation omitted). Because she cannot demonstrate that American Family breached the Policy, Plaintiff's breach of contract claim (Count I), as well as her claim for declaratory relief based on that alleged breach of contract (Count II), must fail.

      **A.**     **The unambiguous language of the Policy required American Family to pay the ACV of the Vehicle—nothing more.**

Because this is a diversity case, Illinois law applies. *See Del Monte Fresh Produce N.A., Inc. v. Transportation Ins. Co.*, 500 F.3d 640, 643 (7th Cir. 2007). Contract interpretation is a matter of law when a contract's terms are facially unambiguous. *See Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 884 (Ill. 1999) (citation omitted); *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 821 (Ill. 2005) ("As a general rule, the construction, interpretation, or legal effect of a contract is a matter to be determined by the court as a question of law") (citations omitted). The Policy is interpreted according to the plain language of its terms. *Id*. If the contract terms are clear and unambiguous, no interpretation or construction is necessary, and the terms will be given the effect called for by the plain language of the contract. *See Tishman Midwest Mgmt. Corp. v. Wayne Jarvis, Ltd.*, 500 N.E.2d 431, 434 (Ill. App. Ct. 1986) (citations omitted).

Under the plain language of the Policy, American Family promised to pay for Plaintiff's "**loss**," less the deductible. (Dkt. 1-1 at 8) (emphasis in original). "**Loss**" is defined as the "direct and accidental damage to or theft of [the Vehicle]. **Loss** does not mean any difference in: (a) the market value of [the Vehicle] immediately prior to the **loss**; and (b) the market value of [the Vehicle] after repairs from the **loss** are completed." (*Id.*) (emphasis in original). There is no dispute that Plaintiff suffered a "loss" under the Policy. Thus, pursuant to the Policy, Plaintiff's

4

loss—and American Family's duty to pay—is limited to the damaged Vehicle, which Plaintiff insured with American Family at the time of the loss.

Despite this, Plaintiff argues that American Family breached the Policy by not paying for the Sales Tax and Fees, as part of its payment to her following her loss. ACV comes into play only because American Family limited its liability to the lesser of:

a) The actual cash value of the stolen or damaged covered property; or

b) The amount necessary to repair or replace the stolen or damaged property.

(*Id.* at 10.) Plaintiff's argument must fail.

The plain language of the Policy demonstrates that American Family promised to pay for damage to the Vehicle—not Sales Tax and Fees associated with an (undamaged) replacement vehicle. (*Id.* at 8.) Plaintiff concedes that the Sales Tax and Fees are associated with getting a replacement vehicle, not those related to the damaged vehicle. (*See* Dkt. 1 at 2, ¶ 8; at 6, ¶ 30; and at 8, ¶ 44) (describing the alleged Sales Tax and Fees as those necessary for "replacement" of a vehicle). Plaintiff's proposed reading of the Policy turns the basic tenets of insurance contract interpretation on its head. It is axiomatic that for Plaintiff to be entitled to the Sales Tax and Fees she seeks prior to replacement, the Policy must provide coverage for them in the first place. American Family's Policy does not.

A recent decision of this Court is instructive. In *Coleman v. Garrison Prop. & Cas. Co.*, No. 19 C 1745, 2019 WL 3554184, at *1 (N.D. Ill. July 31, 2019), plaintiff filed a class action complaint against her insurance company, alleging a breach of contract, based on her insurer's failure to include the costs of sales tax and title transfer fees in her reimbursement payment after the total loss of her vehicle. Similar to Perez in this case, plaintiff "argue[d] that Defendants promised to pay her the 'actual cash value' for her totaled car, which she argue[d] includes sales

5

tax and title transfer fees." *Id.* at *2. The court granted the insurance company's motion to dismiss pursuant to Rule 12(b)(6) on two bases, the first of which is relevant to American Family's argument here. As Judge Kendall explained:

> Plaintiff puts too much emphasis on the definition of "actual cash value" in the policy. As Defendants point out, the policy states, that the "actual cash value" of a comparable vehicle is the limit on Defendants' liability—not the amount that Defendants promised to pay her …. Defendants actually promised to pay Plaintiff "for loss caused by collision," which Plaintiff alleges as well. And "loss" means "direct and accidental damage," which "includes a total loss, but does not include any damages other than the cost to repair or replace." *Plaintiff does not point to any provision in the policy that requires Defendants to pay the "actual cash value" of her car for a total loss—that term is clearly defined as the limit of Defendants' liability, not an amount they are obligated to pay.* Nor does she point to any provision that defines "loss" or "total loss" to include sales tax and transfer fees.

*Id.* (internal citations omitted) (emphasis added). Because the plaintiff failed to plead the necessary elements of a breach of contract claim—namely, a breach—the court granted the insurance company's motion to dismiss. *Id.* at *4.

The same result is warranted here. Under the unambiguous terms of the Policy, American Family promised to pay for Plaintiff's "loss"—and not the ACV of the Vehicle. Contrary to Plaintiff's claim (*see, e.g.,* Dkt. 1 at 2, ¶ 6), the ACV of the Vehicle represents the limit of American Family's liability, and not an amount American Family was required to pay. Moreover, Plaintiff cannot point to any provision in the Policy that defines "loss" to include the Sales Tax and Fees. For this reason, American Family's alleged failure to pay the Sales Tax and Fees cannot amount to a breach of the Policy. Plaintiff's Complaint must be dismissed.

### B. The Policy's use of ACV is not ambiguous.

Plaintiff claims that because ACV is not "specifically defined in the Policy," and the Policy does not contain "any provision excluding sales tax or state and local regulatory fees from ACV," American Family somehow promised to pay the Sales Tax and Fees. (Dkt. 1 at 5, ¶¶ 23-

6

24.) This is, at its core, an argument that the Policy language at issue is ambiguous. Numerous federal courts—including three in this Circuit, two of which sit in Illinois—have considered, and rejected, Plaintiff's argument. *See, e.g., Coleman*, 2019 WL 3554184, at *3; *Sigler*, 2019 WL 2130137, at *3; *Thompson v. Progressive Universal Ins. Co.*, 420 F. Supp. 3d 867, 870-71 (W.D. Wis. 2019). This Court should do the same.

As noted above, if a contract is clear and unambiguous, its interpretation is a matter of law. Only if the contract language "can reasonably be interpreted in more than one way due to the indefiniteness of its language or due to it having a double or multiple meaning," is it ambiguous. *William Blair and Co., LLC v. FI Liquidation Corp.*, 830 N.E.2d 760, 769 (Ill. App. Ct. 2005) (citation omitted). "[I]f a court can ascertain its meaning from the general contract language," a contract is not ambiguous. *Id.* at 770 (citation omitted).

There is nothing ambiguous as to American Family's promise to pay, and indeed, payment of, the market value of the Vehicle, especially where the Policy distinguished between replacement cost and ACV, limiting American Family's liability to the lesser amount. (*See, e.g.*, Section II(A) above.) A simple examination of the Policy's limitation of liability clause demonstrates that Plaintiff's attempt to reform the Policy must fail, as it expressly differentiates between the concepts of the Vehicle's ACV and replacement. (*See, e.g., id.*) The Policy specifies that American Family "may pay the **loss** in money, *or* repair or replace, stolen or damaged property." (Dkt. 1-1 at 10) (bold in original, italics added). Thus, the Policy provides that American Family will either replace the Vehicle *or* pay for the damage to the Vehicle. To adopt Plaintiff's position, this Court would have to rewrite the Policy to create an ambiguity, which it will not do. *See Illinois Ins. Guaranty Fund v. Nwidor*, 2018 IL App (1st) 171378, ¶ 34, 105 N.E.3d 1035, 1046, appeal denied, 108 N.E.3d 856 (Ill. 2018) ("A court will not rewrite a

7

contract to suit one of the parties, but will enforce the terms as written") (internal citations and quotations omitted).

Under no circumstances would the Sales Tax and Fees be included in the ACV of the Vehicle, especially when American Family chose not to replace it. Plaintiff's creative attempt to conflate replacement costs with the ACV of the Vehicle does not constitute a "reasonable" interpretation of the Policy. *See Young v. Allstate Ins. Co.*, 812 N.E.2d 741, 748 (Ill. App. Ct. 2004) ("Suggestions of creative possibilities regarding the interpretation of a contract do not render it ambiguous, but rather, the relevant inquiry to determine if ambiguity exists is whether the contract's provisions are subject to more than one reasonable interpretation.") (citing cases). In *Coleman*, Judge Kendall concluded as much. *See, e.g.,* 2019 WL 3554184, at *3. And courts in this Circuit and elsewhere have considered similar contract language and likewise found it unambiguous. *See Sigler*, 2019 WL 2130137, at *3 (although relevant contract language is different, court concluded that "replacement cost of the auto" did not include sales tax and replacement fees unless plaintiff could show those costs were actually incurred); *Thompson*, 420 F. Supp. 3d at 872 (considering similar insurance policy to determine that ACV does not include "sales tax, registration fees or other costs that might be incurred in actually purchasing a replacement vehicle"); *Singleton v. Elephant Ins. Co.*, 953 F.3d 334, 338 (5th Cir. 2020) (ACV, which was interpreted as "fair market value" under Texas law, "plainly excludes taxes and fees that are remitted to the state").

American Family is unaware of any Illinois case finding that market value, in the context of a vehicle's ACV in an automobile insurance policy, includes replacement costs such as the Sales Tax and Fees. Contrary to Plaintiff's suggestion (Dkt. 1 at 5, ¶ 24), an insurance policy does not need to exclude coverage for something that it does not cover. *Westfield Ins. Co. v.*

*Vandenberg*, 796 F.3d 773, 779 (7th Cir. 2015) ("A policy does not need to exclude from coverage liability that was not contemplated by the parties and not intended to be governed under their agreement.") (citation omitted). Quite simply, the failure to exclude something that was not covered in the first place does not make clear terms in the Policy ambiguous. *See Hawkeye-Security Ins. Co. v. Myers*, 210 F.2d 890, 893 (7th Cir. 1954) ("courts may not rewrite for the parties insurance contracts which are clear and unambiguous") (applying Illinois law) (citations omitted). Because American Family provided coverage to Plaintiff in accordance with its Policy, her Complaint should be dismissed.

### C. The Illinois Administrative Code governs when American Family is required to pay Sales Tax and Fees.

American Family does not dispute that Illinois law requires all vehicles to be properly titled and registered and have proper license plates (or tags) in order to be legally driven on Illinois roadways, and for applicable sales tax to be paid on items. (*See* Dkt. 1 at 6, ¶¶ 26-31.) However, Plaintiff does not (and cannot) cite any Illinois law or regulation that requires insurers to pay Sales Tax or Fees as part of a calculation of ACV for a total loss vehicle, when a replacement vehicle has not been purchased. Indeed, the opposite is true.

Illinois Administrative Code Title 50 Section 919.80, "Required Claim Practices—Private Passenger Automobile," sets forth mandatory claim practices for automobile insurers in the adjustment and settlement of motor vehicle insurance claims like Plaintiff's. Relevant to this case, Section 919.80(c) sets forth the duties of automobile insurers when an insured vehicle has been deemed a total loss, and the policy provides for the adjustment and settlement of claims based on ACV. For total loss insurance claims, like Plaintiff's, Section 919.80(c) sets forth the methodologies which automobile insurers are required to utilize.

9

As relevant to this case, Section 919.80(c)(3) provides the circumstances under which insurers settling first party total loss claims on the basis of ACV—as was done here—are required to pay Sales Tax and Fees. Specifically, Section 919.80(c)(3)(A)—which applies for both replacement and cash settlement—states that:

> If a cash settlement is provided, and if within 30 days after the receipt of the settlement by the insured, the insured has purchased or leased a vehicle, the company is required to reimburse the insured for the applicable sales taxes and transfer and title fees incurred on account of the purchase or lease of the vehicle, but not exceeding the amount payable on account of the value of the total loss vehicle. If the insured purchases or leases a vehicle with a market value less than the amount of the settlement, then the company is required to reimburse only the amount of the applicable sales tax and transfer and title fees incurred by the insured. *If the insured cannot substantiate such purchase and the payment of such taxes and fees*, by submission to the company of appropriate documentation within 33 days after the receipt of settlement, *the company shall not be required to reimburse the insured for the sales taxes or transfer or title fees*.

50 Ill. Admin. Code § 919.80(c)(3)(A)(i) (emphasis added).

Illinois law is clear that Section 919.80 is incorporated into and considered part of the Policy. *See Kapinus v. State Farm Mut. Auto. Ins. Co.*, 738 N.E.2d 1003, 1005 (Ill. App. Ct. 2000) (it is undisputed that "when an insurance policy is issued, applicable statutory provisions in effect at the time are treated as part of the policy") (citation omitted); *see also Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 967 (7th Cir. 2000) ("Illinois laws automatically are incorporated into all contracts of insurance in that state"). Moreover, the Policy contains clear provisions providing that its terms must be interpreted pursuant to, and conform with, Illinois law. (*See* Dkt. 1-1 at 12.)

Under Illinois law, then, American Family is only obligated to pay Sales Tax and Fees in settlement of total loss claims if the insured (1) purchases or leases a vehicle within 30 days of the total loss settlement, and (2) submits appropriate documentation of the Sales Tax and Fees

incurred with respect to the purchase or lease. 50 Ill. Admin. Code § 919.80(c)(3)(A)(i). Plaintiff's Complaint does not allege that she incurred Sales Tax or Fees, or that she provided proof to American Family of same within the designated time. (*See generally* Dkt. 1.) Plaintiff's failure to allege that she incurred Sales Tax and Fees in the wake of settling her total loss claim is fatal to her Complaint, because American Family was under no obligation to pay such Sales Tax and Fees otherwise. *See, e.g., Sigler*, 2019 WL 2130137, at *3. Plaintiff's claims must fail.

### III. The appropriate remedy for Plaintiff's alleged injury is a breach of contract action for damages—not injunctive relief.

Even if American Family is not entitled to dismissal of the Complaint based on the terms of Plaintiff's Policy, or because Plaintiff has not alleged she incurred the Sales Tax or Fees, such that American Family was required to pay them pursuant to Section 919.80, American Family is, at a minimum, entitled to dismissal of Plaintiff's request for injunctive relief (Count II of the Complaint). "Illinois courts have consistently held that money damages are the appropriate remedy for breach of contract." *Illinois Beta Chapter of Sigma Phi Epsilon Fraternity Alumni Bd. v. Illinois Institute of Technology*, 946 N.E.2d 1118, 1122 (Ill. Ct. App. 2011) (citations and quotations omitted). Moreover, "[i]njunctive relief is disfavored where the gravamen of a complaint is breach of contract and the trial court could award damages if a breach occurred." *Id.* (citation omitted). Where an insured claims that her insurer has failed to fully compensate her for an insurance claim, a claim for money damages for breach of contract—not a claim for injunctive relief—is appropriate.

The Seventh Circuit explained as much in *Kartman v. State Farm Mut. Auto Ins. Co.*, 634 F.3d 883 (7th Cir. 2011). There, plaintiffs filed a putative class action, arguing that State Farm had underpaid claims for hail damage to their roofs and asserting claims for breach of contract, bad faith, and unjust enrichment. *Id.* at 886. Plaintiffs sought both damages and an "injunction

11

requiring State Farm to reinspect all class members' roofs pursuant to a 'uniform, reasonable, and objective' standard for evaluating hail damage." *Id.* The district court declined to certify a damages class but concluded that an injunctive class could proceed. *Id.* On appeal, the Seventh Circuit reversed the certification of such a class, and explained why such claims are not amenable to injunctive relief:

> Although the complaint invokes several legal theories, the plaintiffs have only one cognizable injury—underpayment of their insurance claims for hail damage to their roofs—and prospective injunctive relief is not a proper remedy for that kind of injury. Instead, this is simply an action for damages—not the dual remedies of an injunction plus damages . . . .
>
> Nonetheless, in an apparent effort to make their case more amenable to class certification, the plaintiffs included a separate request for injunctive relief in their complaint . . . . This . . . created the illusion that State Farm had two distinct legal obligations arising under the express or implied terms of the insurance contract: an obligation to compensate insured homeowners for the hail damage to their roofs *and* an independently actionable duty to examine all hail-damaged roofs pursuant to a uniform and objective standard.
>
> * * *
>
> The essence of an insurance policy is a promise by the insurer to compensate the insured for the loss of something of value that is covered under the policy, thereby shifting the risk of loss from the insured to the insurer. Insurance entails a promise to pay covered losses, not a covenant to use a particular standard for evaluating property damage.

*Id.* at 889-90 (footnotes and citations omitted) (emphasis original). *See also Wooley v. Jackson Hewitt, Inc.*, No. 07 C 2201, 2011 WL 1559330, at *9 (N.D. Ill. April 25, 2011) (rejecting plaintiffs' request for injunctive relief where the "harm [plaintiffs] allegedly suffered from Defendants' breach of contract is classically compensable with money").

Here, Plaintiff's only remedy for American Family's alleged underpayment is a breach of contract claim for monetary damages. Despite this, Plaintiff seeks a declaratory judgment that American Family is required to adjust first party total loss claims in a certain way. (*See, e.g.,* Dkt. 1 at 12-13.) But as the *Kartman* court made clear, insurance is a promise to compensate—

12

not a promise to use a specific procedure to do so. 634 F.3d at 890. Because Plaintiff's claim for underpayment sounds in contract only, at a minimum, Plaintiff's request for injunctive relief (Count II) should be dismissed.

## CONCLUSION

Perez's Class Action Complaint must be dismissed. Neither Illinois law, nor Perez's Policy, requires payment of Sales Tax or Fees as part of an ACV payout for a total loss vehicle. Moreover, Perez's claim for underpayment is one for breach of contract only—Illinois law does not allow for injunctive relief in these circumstances. Because Perez's claims fail as a matter of law, American Family respectfully requests that the Court grant its Motion to Dismiss in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

Respectfully submitted:

**AMERICAN FAMILY INSURANCE COMPANY**

BY: /s/ *Adam Arceneaux*
       One of Its Attorneys

Adam Arceneaux
Judy S. Okenfuss
Isaac J. Colunga
**ICE MILLER LLP**
200 West Madison Street
Suite 3500
Chicago, IL 60606
(312) 726-7157
adam.arceneaux@icemiller.com
judy.okenfuss@icemiller.com
isaac.colunga@icemiller.com

*Counsel for American Family Insurance Company*

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, states that on June 18, 2020, he caused the foregoing to be filed with the Clerk of the United States District Court for the Northern District of Illinois, and thus a copy of this pleading will be served on all counsel of record by the Clerk's CM/ECF system.

                    /s/     *Adam Arceneaux*

Adam Arceneaux
**ICE MILLER LLP**
200 West Madison Street
Suite 3500
Chicago, IL 60606
adam.arceneaux@icemiller.com

I\15414585.3